IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



UNITED STATES OF AMERICA

v.  No. 2:19-CR-115-Z

DIANA HERRERA URIAS

INFORMATION

The United States Attorney Charges:

Count One
Conspiracy to Commit Bank Fraud
(Violation of 18 U.S.C. § 371)

**General Allegations**

At all times relevant to this Information:

1. The Reagor Dykes Auto Group (RDAG) is the informal name used to refer to a collection of legal entities with similar ownership and control.

2. In 2007, **Diana Herrera Urias** was hired by RDAG, and she later became the office manager for Reagor Auto Mall Ltd. (RAM) and Reagor Auto Mall's Levelland store.

3. As part of **Urias's** office manager responsibilities, **Urias** was an authorized signer on two accounts and issued intercompany checks.

4. RDAG held at least 19 bank accounts at several banks including, but not limited to, the following: 1) FirstCapital Bank of Texas (FCBTX); 2) AimBank; 3) FirstBank & Trust; 4) IBC Bank; 5) Liberty Capital Bank; 6) Peoples Bank; 7) Vista

**Diana Herrera Urias**
**Information - Page 1**

Bank; and 8) Branch Banking and Trust Company (BB&T).

5. The eight banks listed above are financial institutions. The deposits of the eight banks are insured by the Federal Deposit Insurance Corporation (FDIC).

6. "Check-kiting" is a systematic scheme to defraud, whereby nonsufficient checks are traded or cross deposited between two or more checking accounts in order to artificially inflate the bank account balances. This is accomplished by using the float time in the bank system. Once bank accounts are artificially inflated, checks that would normally be returned for nonsufficient funds are, in fact, paid or honored by the issuing banks. There are no actual goods or services provided in exchange for a kited check, nor is there a legitimate or well-documented loan between the two account holders. The purpose of the check-kiting is to falsely inflate the balances in two or more checking accounts in order to allow payroll checks, vendor checks, and other legitimate debits to clear. In this way, rather than negotiable instruments, checks are misused as a form of unauthorized credit.

## The Conspiracy

7. Beginning on or about a date unknown and continuing until on or about July 27, 2018, in the Amarillo Division of the Northern District of Texas, and elsewhere, **Diana Herrera Urias**, defendant, did knowingly and willfully combine, conspire, confederate, and agree with others, persons known and unknown to the United States, to commit bank fraud, in violation of Title 18, United States Code, Section 1344(1), with knowledge of the unlawful purpose of the agreement.

## The Object of the Conspiracy

8. It was part of the conspiracy that **Urias**, and others both known and unknown, devised a scheme and artifice to defraud and to obtain monies, funds, and assets owned by and under the custody and control of federally insured financial institutions, specifically the banks listed above, by means of false and fraudulent pretenses, representations, and promises. The primary object of the conspiracy was to cross deposit checks between two or more checking accounts in order to artificially inflate RDAG's bank account balances by use of a check-kiting scheme.

## The Scheme and Artifice to Defraud

9. **Urias** and her co-conspirators knowingly and with intent to defraud executed a scheme and artifice to defraud the banks by operating a check-kiting scheme, as that term is defined above. **Urias** employed material false and fraudulent pretenses, representations, and promises to effect the scheme, to wit: cross-deposits were made into RDAG's bank accounts at the eight banks, making it appear that there were substantial deposits in the banks when, in fact, the actual balances of the affected accounts were not the inflated value as shown on the bank statements. As a result, **Urias** placed the banks at risk of civil liability and financial loss.

## Overt Acts

10. In furtherance of the conspiracy and to effect the object thereof, **Urias** and her co-conspirators performed and caused to be performed the following overt acts, among others, in the Northern District of Texas, and elsewhere:

11. Falsely inflating the daily balances of RDAG's accounts by making continuous deposits to the accounts using checks drawn on other RDAG accounts in amounts that exceeded the amount of money that was actually deposited in the accounts.

All in violation of Title 18, United States Code, Section 371.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
West Texas Deputy Branch Chief
Texas Bar No. 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone: 806-324-2356
Facsimile: 806-324-2399
E-Mail: joshua.frausto@usdoj.gov